# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MONDREA VINNING, #B-63459,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-405-MJR |
| | ) |
| **ROGER E. WALKER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In a separate order entered today, Plaintiff was granted leave to proceed *in forma pauperis* on Count 1 of the complaint. The Court found, though, that Plaintiff is not in imminent danger of serious physical harm due to the claims raised in Count 2, Count 3, Count 4 or Count 5, so he is not entitled to proceed *in forma pauperis* on these claims. To reiterate, the five claims are:

(1) He has a bullet lodged in his back, but for most of his time in custody, he has been forced to sleep on a steel slab with a very thin mattress. As a result, he has developed severe arthritis, and he experiences constant back pain. He claims that Defendants Hulick, Grubman and Feinerman refuse to provide him with proper medical treatment or issue him an extra mattress.

(2) While he was in the Mt. Sterling Correctional Center, he was subjected to retaliation by Defendants Jennings and Ashby. This retaliation manifested itself in false disciplinary tickets, interference with his mail, unjustified transfers, and denial of access to the law library and to the grievance process.

(3) Unspecified defendants have placed him over $1,000 in debt to the I.D.O.C. for copies and postage.

(4) He is illegally charged $2.00 as a co-payment for each medical appointment.

(5) Inmates in segregation do not receive $10.00 in monthly state pay.

The Court also noted that none of these claims are in any way related to each other. As the Seventh Circuit recently clarified, separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See generally* FED.R.CIV. P. 20(a)(2). Therefore, Counts 2-5 will be dismissed from this action without prejudice to Plaintiff filing those claims in four separate, fully pre-paid lawsuits.

## COUNT 1

As stated above, Plaintiff alleges that he has a bullet lodged in his back, but for most of his time in custody, he has been forced to sleep on a steel slab with a very thin mattress. As a result, he has developed severe arthritis, and he experiences constant back pain. He claims that Defendants Hulick, Grubman and Feinerman refuse to provide him with proper medical treatment or issue him an extra mattress.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that

significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Count 1 at this time. *See* 28 U.S.C. § 1915A.

## TEMPORARY RESTRAINING ORDER

Plaintiff also seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Therefore, his motion for issuance of a temporary restraining order (Doc. 3) is **DENIED**.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2, COUNT 3, COUNT 4** and **COUNT 5** are **DISMISSED** from this action. Dismissal is without prejudice to Plaintiff filing each of these claims in a separate, fully pre-paid lawsuit.

**IT IS FURTHER ORDERED** that Defendants **WALKER, MENARD BUSINESS**

**OFFICER, ASHBY, JENNINGS** and **FORD** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **FEINERMAN, GRUBMAN** and **HULICK**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **FEINERMAN, GRUBMAN** and **HULICK** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 11th day of March, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**