IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONDREA VINNING**,          )
                              )
    Plaintiff,            )
                              )
v.                            )   Case No. **08-cv-405-MJR**
                              )
**ADRIAN FEINERMAN**,         )
                              )
    Defendant.            )

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 90) recommending that Defendant Adrian Feinerman's motion for summary judgment (Doc. 85) be granted, and Plaintiff Mondrea Vinning's motion for summary judgment (Doc. 87) be denied.

In June 2008, Mondrea Vinning, proceeding pro se, filed suit alleging deprivations of his constitutional rights by multiple prison officials alleging five disparate claims, ranging in nature from deliberate indifference to his injured back, to the improper assessment of copying changes (Doc. 1).

On threshold review in March 2009, the undersigned Judge granted Vinning pauper status and, pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Fed.R.Civ.P. 20(a)(2), dismissed all but one claim without prejudice (Doc. 6). The case proceeded on Count 1, alleging Defendants Hulick, Grubman and Feinerman were deliberately indifferent to Vinning's serious medical needs, in violation of the Eighth Amendment. More specifically, Vining, who has a bullet

1

lodged in his back and severe arthritis and related pain, claims that Defendants refused to provide him with treatment, medication and an extra or better mattress. What remained of the case was referred to the Honorable Donald G. Wilkerson, United States Magistrate Judge. More recently, the case was reassigned from Judge Wilkerson to United States Magistrate Judge Stephen C. Williams.

By Order dated March 31, 2010, defendants Hulick and Grubman were dismissed without prejudice, due to Vinning's failure to exhaust administrative remedies as to the claims against them (Doc. 51). At this juncture, only Defendant Feinerman remains.

On March 31, 2011, Defendant Feinerman moved for summary judgment (Doc. 85). By way of response, Vinning filed his own motion for summary judgment (Doc. 87). On May 24, 2011, Magistrate Judge Williams submitted a detailed Report (Doc. 90) recommending that the undersigned Judge grant Defendant Feinerman's motion and deny Plaintiff Vinning's motion.

Both the Report (Doc. 90, p. 11) and a separate Notice attached thereto (Doc. 90-1) advised the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" June 8, 2011. To date, no objections have been filed by the parties, no extension of the deadline was sought, and the period in which such objections may be filed has expired.

Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. **Thomas v. Arn, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).**

Accordingly, the undersigned District Judge **ADOPTS in its entirety** Judge Williams' Report and Recommendation (Doc. 90), **GRANTS** Defendant Feinermans' motion for summary judgment (Doc. 85), **DENIES** Plaintiff Vinning's motion for summary judgment (Doc. 87), and **DIRECTS** the Clerk of Court to enter final judgment in this action, as the Court has

disposed all claims against all Defendants. Judgment shall be in favor of all Defendants and against Plaintiff Vinning.

**IT IS SO ORDERED.**

**DATED: June 17, 2011**

                                                                            s/ *Michael J. Reagan*
                                                                            **MICHAEL J. REAGAN**
                                                                            **UNITED STATES DISTRICT JUDGE**